# Hess *v.* Equitable Life Assurance Society of the United States, Appellant.

*Life insurance—Total permanent disability—Income payments —Right to cancel.*

A life insurance policy providing for payment of income during permanent and total disability, provided that the company, after acceptance of proof of total disability, should have the right at any time, but not oftener than once a year, to require proof of the continuance of the disability. The policy also provided that if it appeared at any time that the insured was able to engage in any occupation, no, further income payments should be made.

In an action of assumpsit to collect the income payments, it was properly held that the fact that the company had admitted a claim for total disability did not bind it for a period of one year, but that it could at any time relieve itself from paying further income by showing that the disability had ceased.

Argued March 11, 1924. Appeal, No. 327, Oct. T., 1923, by defendant, from judgment of the Municipal Court of Phila. Co., March T., 1923, No. 113, on verdict for plaintiff in the case of Miriam Hess v. The Equitable Life Assurance Society of the United States. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on policy of insurance. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff in the sum of $384.99 and judgment was entered thereon. Defendant appealed.

*Errors assigned* were in directing a verdict for the plaintiff and refusal of defendant's motion for judgment non obstante veredicto.

*Robert J. Sterrett,* for appellant.

*Edwin Booth,* for appellee.

OPINION BY LINN, J., April 21, 1924:

This suit results from differing interpretations by the parties, of an annuity rider on a policy of life insurance issued by defendant to plaintiff. It provided: "if insured......becomes physically or mentally incapacitated to such an extent that she is and will be wholly and presumably permanently unable to engage in any occupation or perform any work for compensation of financial value, and furnishes due proof thereof and that such disability has then existed for sixty days, the society, during the continuance of such disability, will waive payment of any premium payable upon said policy after receipt of such proof, and will pay to the insured an income of five hundred dollars a year payable in monthly installments, subject to the following conditions:

"1. The income shall be payable six months after receipt of proof of disability and monthly thereafter during the continuance of such total and permanent disability......

"2. The Society, after the acceptance of proof of disability, shall have the right at any time, but not more frequently than once a year, to require proof of the continuance of such total disability. If the insured shall fail to furnish satisfactory proof thereof, or if it appears at any time that the insured has become able to engage in any occupation for remuneration or profit, no further premiums will be waived and no further income payments will be made hereunder on account of such disability."

Plaintiff filed proof of disability which defendant acknowledged on July 7, 1922, stating that "in view of the recent rule reflecting the society's present liberality in reference to disability insurance to make three months total disability presumably permanent disability, it has been decided to approve this claim as of June 1, 1922.

"In view of the foregoing, the first premium waived will therefore be the one due July 11, 1922, on 2,124,148.

"The premiums due Jan. 10, 1922, extended to July 10th on 1,750,103 also the premium due April 20, 1922, on 1,961,258 extended to June 20th should be paid and reported in due course.

"Furthermore, during the continuance of said total disability the Society will begin payments under the policies by paying as of Dec. 1st, 1922, the disability installments provided for in the policy contracts."

Notwithstanding that acknowledgment, defendant declined to pay. In March, 1923, plaintiff brought suit for $250 as the amount payable December 1, 1922, for June to November, inclusive, and $125 for December to February, 1923, inclusive, with interest. Defendant pleaded, and offered evidence for the purpose of showing, that since November 1, 1922, plaintiff's disability had ceased to such an extent as to disentitle her to recover. The evidence was sufficient to take to the jury the question whether her disability had ceased during part of the period for which monthly payments were claimed. But the court below ruled that, having once conceded plaintiff's disability, as defendant had done, it was required to pay for one year thereafter; that for such period no inquiry could be made; accordingly, the jury was instructed to return a verdict for plaintiff for the entire claim. Of that appellant complains.

We differ from the trial court in our interpretation of the contract. It means what the parties stated,—that proof of permanent disability within its terms being filed and accepted, the insurer could "not more frequently than once a year......require proof of the continuance of such total disability"; but that "if......it appears at any time that the insured has become able to engage in any occupation for remuneration or profit, ......liability shall cease."

The court below based its conclusion on the first sentence, without giving sufficient effect to the qualifying

provision; both must be considered. As the parties agreed that "liability shall cease" if "at any time," disability cease, their agreement should be given effect. Their agreement provided for payment during disability and "during the continuance of such disability" payment of premiums was waived; there was no agreement that if disability once existed, a year's payment became due. Defendant is liable for payments accrued for the period from June 1, 1922, during which disability within the contract was conceded to exist, until such time within the period in suit as defendant shall show, if it can, that disability ceased. While the parties agreed that defendant may not require plaintiff to file proof of the continuance of total disability more than once a year, they have not agreed that if total disability ends at any time, and defendant shows it, payment must nevertheless continue for one year.

The judgment is reversed, the record remitted and a new trial awarded.